# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
APR 25 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
                            DEPUTY

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| BRIAN VOLMER (1) | Case Number: 3:21-CR-01310-WQH |

Michael A. Taibi
Defendant's Attorney

**USM Number** 88240-509

☐ -

THE DEFENDANT:

☒ pleaded guilty to count(s)  1 of the Indictment

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:371;18:981(a)(1)(c), 28:2461(c) - Conspiracy; Criminal Forfeiture | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  Remaining count  is  dismissed on the motion of the United States.

☒ Assessment : $100.00 imposed
-

☐ JVTA Assessment*: $
-

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine    ☐ Forfeiture pursuant to order filed _____ , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

April 22, 2024
Date of Imposition of Sentence

_/s/ William Q. Hayes_
HON. WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| DEFENDANT: | BRIAN VOLMER (1) |
| CASE NUMBER: | 3:21-CR-01310-WQH |

Judgment - Page **2** of **6**

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: Fifteen (15) months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

  ☐ at _____ A.M. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ on or before

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

  Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

3:21-CR-01310-WQH

| | | |
|---|---|---|
| DEFENDANT: | BRIAN VOLMER (1) | Judgment - Page **3** of **6** |
| CASE NUMBER: | 3:21-CR-01310-WQH | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
Three (3) years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

| DEFENDANT: | BRIAN VOLMER (1) | Judgment - Page 4 of 6 |
|---|---|---|
| CASE NUMBER: | 3:21-CR-01310-WQH | |

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

| DEFENDANT: | BRIAN VOLMER (1) | Judgment - Page **5** of **6** |
|---|---|---|
| CASE NUMBER: | 3:21-CR-01310-WQH | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition.

   An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

3. Provide complete disclosure of personal and business financial records to the probation officer as requested.

4. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.

5. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

6. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

7. Not engage in any employment or profession involving fiduciary responsibilities.

//

AO 245S (CASD Rev. 08/13) Judgment in a Criminal Case

DEFENDANT: BRIAN VOLMER (1)  
CASE NUMBER: 3:21-CR-1310-WQH

Judgment - Page 6 of 6

## RESTITUTION

The defendant shall pay restitution in the amount of  **$122,255.20**  .

**\*\*SEE ATTACHED ORDER RE RESTITUTION\*\***

3:21-CR-1310-WQH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN VOLMER (1),<br><br>Defendant. | Case No.: 21cr1310-WQH<br><br>**ORDER** |

HAYES, Judge,

The matter before the Court is the United States' Motion for Restitution, as it relates to Defendant Brian Volmer. (ECF No. 281.)

Restitution is authorized under 18 U.S.C. § 3553(a)(7), and mandatory restitution is authorized under 18 U.S.C. § 3663A(c)(1)(A)(ii) for offenses committed by "fraud or deceit" such as this one. Losses that a defendant must repay are those suffered by "a person directly and proximately harmed as a result of the commission of an offense." 18 U.S.C. § 3663A(a)(2). Unlike determining the amount of loss for custodial sentencing purposes, "[r]estitution clearly focuses on the *victim*, not the individual defendant. Restitution seeks to compensate the *victim* for all the *direct and proximate losses* resulting from the defendant's conduct, not only for the reasonable foreseeable losses." *United States v. Gossi*, 608 F.3d 574, 581 (9th Cir. 2010).

"The government bears the burden of proving that a person or entity is a victim for purposes of restitution, and of proving the amount of the loss." *Id.* at 579. "Under 18 U.S.C.

1

§ 3664, a dispute as to the proper amount of restitution must be resolved by the district court by a preponderance of the evidence." *Gossi*, 608 F.3d at 579. "[V]ictim affidavits will generally provide sufficient, reliable evidence to support a restitution order." *United States v. Waknine*, 543 F.3d 546, 558-59 (9th Cir. 2008). However, "[a] defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct." *United States v. Rice*, 776 F.3d 1021, 1026 (9th Cir. 2015).

        The Court first considers whether all of the claimed losses for restitution purposes were incurred after Volmer joined the conspiracy. On September 3, 2019, Volmer participated in a recorded call with James Mahoney, attempting to secure funding for the charged pump and dump scheme. The factual basis of the Plea Agreement—which Defendant signed under oath—states that "[i]n or around late 2019, Defendant began discussions with one or more of his co-conspirators ... about conducting certain aspects of an illegal market manipulation / pump-and-dump scheme" and details the steps each respective co-conspirator agreed to take to conduct the charged scheme. (ECF No. 210 at 3.) The factual basis of the Plea Agreement also states that "[f]rom in or around September 2019 through in or around March 2021, Defendant and his co-conspirators ... carried out various aspects of their agreement to perpetrate a pump-and-dump scheme surrounding the Subject Companies." *Id.* at 6. The $122,255.20 in losses that are at issue in the United States' Motion for Restitution and its Supplements (ECF Nos. 281, 307, 380), were incurred between September 2019 and March 2021. (*See* ECF No. 380-1 at 3; *see also* ECF No. 301-1.) Based upon the evidence filed by the Government in its Motion for Restitution and the Supplements in support of the motion (ECF Nos. 281, 307, 380) and the factual basis of the Plea Agreement signed by Defendant under oath (ECF No. 210 at 2-6), the Court finds that all of the claimed losses for restitution purposes were incurred after Volmer knowingly joined the conspiracy and while the conspiracy continued and Defendant and/or his co-conspirators took actions to further the goals of the conspiracy to which Defendant agreed.

The Court has the option to impose joint and several liability, or it has the option to apportion the restitution award among the Defendants. *See United States v. Gagarin*, 950 F.3d 596, 609 (9th Cir. 2020). If the Court finds that each defendant "played an essential role in the fraudulent scheme," it has the discretion to hold each defendant jointly and severally liable for the restitution payments. *United States v. Booth*, 309 F.3d 566, 576 (9th Cir. 2002); *see also* 18 U.S.C. § 3664(h).

Brian Volmer played an essential role in the fraudulent scheme. As outlined in the factual basis of Defendant's Plea Agreement (ECF No. 210 at 2-6) and in the Government's Sentencing Memo (ECF No. 310 at 3-5), Volmer reached out to James Mahoney about investing in the scheme and Volmer introduced Mahoney to the other members of the conspiracy. Volmer suggested the conspirators use nominees supplied by Defendant Carl Marciniak, who Volmer described as "the quick money guy" and the "offshore guy." (ECF No. 310 at 6.) Volmer stated that he connected Defendant Charles Strongo, who was the CEO of GWHP and controlled 99% of its stock, with phone rooms for promotions. Volmer made clear that he was "embedded in the deal" and was "partners" with Defendants Joshua Yafa and Jamie Yafa, and company press releases would be coordinated with the Yafas' promotional activities, including phone rooms and the "OTCTipReporter." *Id*. Volmer also planned to repeat the pump-and-dump scheme, boasting that "[b]y summer, … I'm gonna make 30 million bucks off this deal," and "I'm in it for the quick play, meaning sometime this summer I'll sell the paper, and then let [the stock price] come down and then rebuy it back right before the next wave [of COVID]." *Id*.

The Court has previously found at the sentencing of the Yafas and Strongo that the evidence showed at trial that each of the other Defendants played an important role in the conspiracy. Accordingly, the Court finds joint and several liability to be appropriate as to the restitution order applicable to Brian Volmer.

As to the amount of restitution, the Court limits consideration to the dollar amount and number of victims identified by the Government in its Motion and two Supplements and attached evidence. (ECF Nos. 281, 307, 380.) On December 11, 2023, the Court

sentenced Defendants Joshua Yafa and Jamie Yafa, ordering them each to pay $121,599.70 in restitution, with each being jointly and severally liable for that amount. (ECF Nos. 327-229, 332-334.) On January 22, 2024, the Court sentenced Defendant Charles Strongo, ordering him to pay $121,599.70 in restitution, with joint and several liability for that amount. (ECF Nos. 355, 357-359.) On April 12, 2024, the Government filed its Second Supplemental Brief Regarding Restitution, asserting that, on April 10, 2024, the Government received a new victim impact statement from a new victim, and the Government's expert determined that the new victim is entitled to $655.50 in restitution. The Government requests that the Court add $655.50 to any restitution ordered against the remaining defendants to be sentenced, including Volmer. The Court finds that it has the discretion to add this newly discovered $655.50 amount to the previously disclosed amount of $121,599.70, for a total of $122,255.20 in losses for the purposes of restitution. The Court finds that the Government has adequately satisfied its burden of proof as to the amount of loss for the purposes of restitution with evidence produced with the Motion, the Supplements, and at the trial of the Yafas. (*See, e.g.*, ECF Nos. 281-1, 307-1, 380-1.)

As for causation, the Court finds that Volmer's actions in seeking financing for the scheme and connecting and coordinating the co-conspirators sufficiently caused the losses at issue in the restitution motion. Moreover, under the Mandatory Victims Restitution Act, "when the crime of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, the restitution order may include acts of related conduct for which the defendant was not convicted." *United States v. Thomsen*, 830 F.3d 1049, 1066 (9th Cir. 2016). The Ninth Circuit has held that in conspiracy cases involving fraud such as this one, "restitution may be ordered for all persons directly harmed by the entire scheme." *In re Her Majesty the Queen in Right of Canada*, 785 F.3d 1273, 1276 (9th Cir. 2015). Here, the harm to all of the identified victims was directly caused by the pump-and-dump scheme in which Volmer played an integral part. The Court finds that the harm to these victims was "closely related to the scheme, rather than tangentially linked." *Thomsen*,

830 F.3d at 1066. The Court finds that the Government has proven the necessary causation between Volmer's crimes and the $122,255.20 in losses sustained by the identified victims.

The Court denies Volmer's request for an evidentiary hearing, finding that the Government has adequately satisfied its burden of proof with evidence produced with the Motion, the Supplements, and at the trial of the Yafas. Volmer has produced no evidence to counter the Government's evidence and has made no showing of a colorable dispute as to the underlying facts supporting restitution. Accordingly, an evidentiary hearing is not required on this record.

IT IS HEREBY ORDERED that the Motion for Restitution and the Supplements (ECF Nos. 281, 307, 380) are granted as to Defendant Brian Volmer. This Order does not resolve the Motion for Restitution as to any other Defendant.

1. Pursuant to 18 U.S.C. § 3553(a)(7) and 18 U.S.C. § 3663A(c)(1)(A)(ii), Defendant Brian Volmer (hereinafter "Defendant" or "Volmer") shall pay restitution in the total amount of $122,255.20. Restitution shall be paid to the following victims in the specified amounts, pro rata:

   a. $25,455.35 to Frederick Charles Dietz II;
   b. $2,618.74 to Shahram Esmailzadeh;
   c. $10,432.40 to Alois Michael Himsl Jr.;
   d. $1,959.60 to Dean Kasper;
   e. $96.50 to Barbara Mallonee;
   f. $51,475.01 to Susan M. Sanderson;
   g. $24,326.90 to Thomas E. Sanderson;
   h. $5,115.00 to Robert G. Weigner;
   i. $120.20 to Percy L. White Jr.
   j. $655.50 to Sandra King.

2. Defendant shall make a bona fide effort to pay restitution in full as soon as practicable.

3. During any period of incarceration, Defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of Defendant's income, or $10.00 per quarter, whichever is greater. Upon release from custody, Defendant shall pay restitution at the rate of at least $50.00 per month, subject to modification by order of the Court.

4. This order does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).

5. If payment has not already been made in full, interest will accrue on the restitution amount in the manner prescribed by 18 U.S.C. § 3612.

6. Defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

The bank or cashier's check or money order shall reference "Brian Volmer" and "Case No. 21CR1310-WQH." The Clerk of the Court shall distribute payments to all victims at addresses to be provided to the Clerk's Office by the United States Attorney's Office.

7. Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office's Forfeiture and Financial Litigation Section of any change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution no later than thirty days after the change occurs.

Dated: April 22, 2024

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court